CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 5 2019
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CHRISTEN WADDLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00010 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| AUNDREA CLAUGHTON, et al., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

This matter is before the Court on Defendant Aundrea Claughton's ("Claughton") Motion to Dismiss [ECF No. 157] and Defendant Todd Moser's ("Moser") Motion to Dismiss [ECF No. 159]. The matter was fully briefed by the parties, and I heard oral arguments on the motions on February 5, 2019. After considering the allegations in the Amended Complaint and the arguments of the parties, this matter is now ripe for disposition. For the reasons stated herein, I will deny both motions.[1]

### I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The facts are adequately recounted in my opinion on the Motions to Dismiss Plaintiff's Complaint. (Mem. Op. pgs. 1–6, June 6, 2018 [ECF No. 40].)

Following my opinion granting in part Defendant Moser's original Motion to Dismiss and denying Claughton's original Motion to Dismiss, Plaintiff filed an Amended Complaint, asserting the following causes of action: violation of Plaintiff's First Amendment rights against Moser and Claughton, in violation of 42 U.S.C. § 1983 (Count 1); conspiracy to violate Plaintiff's First Amendment rights against Moser, Claughton, and the defaulted defendants, Nicholas Jones

---

[1] I previously advised the parties that I would provide a more fulsome written opinion regarding my ruling on Plaintiff's Motion to Amend her Complaint. (Order, Dec. 13, 2018 [ECF No. 152].) For the reasons set forth in this opinion, that amendment was not futile.

("Jones") and Dre Tucker ("Tucker"), in violation of 42 U.S.C. § 1983 (Count 2); violation of Plaintiff's Fourth Amendment rights by Claughton and Moser, in violation of 42 U.S.C. § 1983 (Count 3); conspiracy to violate Plaintiff's Fourth Amendment rights by Claughton, Moser, Jones, and Tucker, in violation of 42 U.S.C. § 1983 (Count 4); state law malicious prosecution by Claughton and Moser (Count 5); state law conspiracy by Claughton, Moser, Jones, and Tucker (Count 6); state law defamation against Moser (Count 7); and a state law fighting words claim against Moser (Count 8). Defendants Claughton and Moser filed motions to dismiss on December 21. Plaintiff filed briefs in opposition on January 2, 2019 [ECF Nos. 169 & 170], and Defendants Claughton and Moser filed a joint reply on January 9 [ECF No. 172]. Following oral argument on February 5, the matter is now ripe for disposition.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

III. **DISCUSSION**

Both Motions to Dismiss will be addressed in turn, as will the various arguments to dismiss certain counts of the Complaint.

    a. Claughton's Motion to Dismiss

        1. Counts 2, 4, and 6

Claughton contends that the facts, as pleaded, insufficiently state a claim for conspiracy to violate Plaintiffs' constitutional rights.

In order to state a claim for civil conspiracy under § 1983, Plaintiff must allege that Defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in . . . deprivation of a constitutional right . . . ." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996) (citing Hafner v. Brown, 983 F. 2d 570, 577 (4th Cir. 1992)). "In other words, [Plaintiff] must at least be able to show a deprivation of a constitutional right as a result of the alleged conspiracy. This is because '[t]he gist of the cause of action is the deprivation and not the conspiracy.'" Shooting Point, LLC v. Cumming, 243 F. Supp. 2d, 536, 537 (E.D. Va. 2003) (quoting Lesser v. Braniff Airways, Inc., 518 F.2d 538, 540 n.2 (7th Cir. 1975)). While § 1983 conspiracy claims are typically brought only against state actors, "a § 1983 claim may be proved by showing that a person acting under color of law collaborated or conspired with a private person to deprive the plaintiff of a constitutional right." Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2nd Cir. 1995) (internal alterations and citations omitted).

Here, Plaintiff has adequately alleged facts that, if proven, would establish a conspiracy to violate her constitutional rights. She alleges that Claughton, after learning of Plaintiff's displeasure

with his performance of his duties, and her intentions to voice her complaints to the "highest possible authority," communicated extensively[2] with Moser over the next several hours. (Am. Compl. ¶ 53.) Following those conversations, which Plaintiff alleges were the beginning of the conspiracy to violate her rights, Claughton called Jones and Tucker and asked them to come in and draft unsworn statements for presentation to a magistrate. According to Jones, Claughton told him that the statements were necessary because "it got too deep," and that Claughton needed Jones to make a statement because Plaintiff "had went over top of him [to] try to get him fired or something." (Id. ¶ 66.) Plaintiff further alleges that, at Claughton's direction, Jones and Tucker both prepared "untrue and unsworn" declarations which formed the basis for her arrest. (Id. ¶ 67.) Later that day, Plaintiff alleges that Moser told a third party that, because Plaintiff "went over to the pound wanting to show her ass," he directed Claughton "to go ahead and get [a] felony warrant on her." (Id. ¶ 71.)

These facts, taken as true, state a claim for civil conspiracy under § 1983. Plaintiff alleges that the four individuals engaged in a course of action, motivated by a desire to retaliate against Plaintiff for her outspoken objection to Claughton's job performance, to have her arrested on a felony charge that, Plaintiff contends, lacked a basis in fact. These allegations are sufficient to state a claim for conspiracy to violate Plaintiff's constitutional rights.

2. Count 1, 2, 3, 4, 5, and 6

Claughton seeks dismissal of Counts 1–6 because, he contends, Plaintiff has failed to allege a lack of probable cause. This argument was considered, and rejected, in my original opinion. Defendants have not raised a new argument; therefore, the motion will be denied on the same grounds as before. (See Mem. Op. pgs. 12–13, June 26, 2018 [ECF No. 40].)

---

[2] Plaintiff alleges that, during discovery in this action, Moser repeatedly lied and misled Plaintiff's counsel regarding the nature and extent of his communications with Claughton that day.

Briefly, to succeed on her claim under § 1983, Plaintiff is required to show that Claughton omitted from his application for a warrant "material facts with the intent to make, or with reckless disregard of whether they thereby make, the affidavit misleading." Miller v. Prince George's Cnty., MD, 475 F.3d 621, 627 (4th Cir. 2007) (quoting United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)). "With respect to omission, 'reckless disregard' can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" Id. (quoting Beauchamp v. City of Noblesville, Inc., 320 F.3d 733, 743 (7th Cir. 2003)). In her Amended Complaint, Plaintiff has adequately alleged that, at Claughton's direction, material facts were omitted from the warrant application; namely, the dog's "deplorable" physical condition, Plaintiff's statements to the 9-1-1 operator regarding her intent, and her statements to Jones and Tucker. These facts, Plaintiff maintains, would have vitiated any finding of probable cause and resulted in the denial of Claughton's warrant application. These allegations are sufficient to state a claim.

### 3. Claughton's claim of qualified immunity

Qualified immunity shields officials from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). At the motion to dismiss stage, "the court must determine if the pleaded facts demonstrate that the defendant's conduct violated a constitutional right." Blankenship v. Manchin, 471 F.3d 523, 528 (4th Cir. 2006) (citing Ridpath v. Bd. Of Governors Marshall Univ., 447 F.3d 292, 306 (4th Cir. 2006)). "If the facts do not establish the violation of a right, qualified immunity will apply, and the motion to dismiss on that basis should be granted. If

a violation is established, the next step "is to ask whether the right was clearly established."' Id. (quoting Saucier, 533 U.S. at 201).

"Clearly established law" is not defined "at a high level of generality," because the "dispositive question is 'whether the violative nature of *particular* conduct is clearly established." Luna, 136 S. Ct. at 308 (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011)). A constitutional right is "clearly established" when "its contours [are] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. at 202 (citing Wilson v. Layne, 526 U.S. 603, 615 (1999)). If the right is not "clearly established," the officer is entitled to immunity. See Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012).

On the facts alleged, a reasonable officer in Claughton's position would know that withholding information that is likely to negate probable cause violates a citizen's constitutional right. Since at least 1978, the law has been clear that knowingly and intentionally withholding material facts from a neutral magistrate to secure an arrest warrant in the absence of probable cause violates the Constitution. See Franks v. Delaware, 438 U.S. 154 (1978); Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (extending Franks to § 1983 claims). Plaintiff's allegations, if proven, would establish that Claughton conspired with Moser and others to secure a felony arrest warrant against Plaintiff in retaliation for the exercise of her constitutional rights. They did so, Plaintiff alleges, by withholding vital information from the warrant application, information that would negate the magistrate's finding that there was probable cause to believe that committed felony larceny. Such actions, if proven, would violate clearly established

constitutional rights. At this stage, and on Plaintiff's allegations, Claughton is not entitled to qualified immunity.

      b. <u>Moser's Motion to Dismiss</u>

        1. <u>Counts 1, 3, and 5</u>

Moser seeks dismissal of Counts 1, 3, and 5 on the grounds that Plaintiff has failed to allege that Moser took any action to violate Plaintiff's constitutional rights. That argument is without merit.

Plaintiff's Amended Complaint plainly alleges that Moser and Claughton communicated extensively during the day on December 20—a fact about which Moser has repeatedly lied. (See Am. Compl. ¶¶ 52–81.) Moreover, Plaintiff quotes Moser as stating to the 9-1-1 operator:

> Now [Plaintiff] done went over to the pound wanting to show her ass because we gave the dog back to the owner. So I told [Claughton] to go ahead and get a felony warrant on her.

(Am. Compl. ¶ 71.) Plaintiff has alleged that Moser directed Claughton to secure felony warrants on Plaintiff out of a retaliatory motive. These allegations are sufficient to allege Moser violated Plaintiff's constitutional rights.

Likewise, the allegations are sufficient to allege that Moser participated in the malicious prosecution of Plaintiff. His statement that he told Claughton to get the felony warrant because Plaintiff "went over to the pound wanting to show her ass" is sufficient to show the malice Moser contends is lacking. See <u>Wiggs v. Farmer</u>, 135 S.E.2d 829, 831 (Va. 1964) (setting forth the elements of a malicious prosecution claim under Virginia law); <u>Bennett v. R & L Carriers Shared Servs., LLC</u>, 744 F. Supp. 2d 494, 522 (E.D. Va. 2010) ("It is indeed well-established that the 'malice' required in a malicious prosecution case is not imputed as a matter of law by a simple showing of the absence of probable cause, but must be proven as a separate and distinct element

of the plaintiff's claim. It is equally well-established, though, that legal malice may be proven by inference from a lack of probable cause if the circumstances of the case support the inference." (internal citations omitted)).

### 2. Counts 2, 4, and 6

Moser seeks dismissal of Count 2, 4, and 6 on the grounds that Plaintiff has failed to allege that Moser "engaged in any conspiracy to violate Plaintiff's First or Fourth Amendment rights . . . ." For the reasons stated above denying Claughton's Motion to Dismiss on the same grounds, see supra § III.a.1, Counts 2, 4, and 6 adequately allege a conspiracy and Moser's involvement in it. Moser's Motion to Dismiss will be denied on those counts.

### 3. Counts 7 and 8

Moser's final argument is that Plaintiff has failed to allege sufficient facts to state her defamation and fighting words causes of action.

I previously considered, and rejected, Moser's argument for dismissal of the defamation claim. (See Mem. Op. pg. 10 [ECF No. 40].) Moser offers no new argument, so the motion to dismiss will be denied on the grounds previously stated. See Tronfeld v. Nationwide Mut. Ins. Co., 636 S.E.2d 447, 449–50 (Va. 2006). Because the defamation claim is viable, so too is the fighting words claim.

To state a claim under Va. Code Ann. § 8.01-45, "a plaintiff must plead words that (1) would be construed as insults and (2) tend to violence and breach of the peace. . . . Whether words are insulting and tend to incite violence is determined by the usual construction of the words and their common acceptance in the community." Goulmamine v. CVS Pharmacy, Inc., 138 F. Supp. 3d 652, 668 (E.D. Va. 2015) (internal citations omitted). Contrary to Moser's argument, however, there is no requirement that the words must be verbalized in a face-to-face confrontation. See id.

at 667–68. Statements that are defamatory *per se*, such as a claim that one has committed "some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished," Tronfeld, 626 S.E.2d at 450, are insulting *per se*. See Zayre of Va., Inc. v. Gowdy, 147 S.E.2d 710, 713 (Va. 1966) ("Words uttered by a person falsely conveying the charge of a criminal offense involving moral turpitude are insulting and actionable under the [insulting words] statute.").

Here, Plaintiff has alleged a statement that is insulting *per se*, and therefore actionable under Va. Code Ann. § 8.01-45. She alleges that, on January 3, 2018, in a conversation with a television reporter and camera operator, Moser stated: "[W]hen [Plaintiff] refused to give the dog back to the Owner, when the Owner confronted her on the way to take the dog to Animal Control, that constituted theft." (Am. Compl. ¶ 125.) Because this constituted an allegation that Plaintiff committed a criminal offense involving stealing,[3] it is defamatory *per se* and therefore insulting *per se*.

"[A]n action for insulting words . . . is treated precisely as an action for slander or libel, for words actionable *per se*, with one exception, namely, no publication is necessary." O'Neil v. Edmonds, 157 F. Supp. 649, 651 (E.D. Va. 1958); see Carwile v. Richmond Newspapers, 82 S.E.2d 588, 591 (Va. 1954). Because Plaintiff has alleged a statement that is insulting *per se*, she has stated a claim under the fighting words statute. See Trail v. Gen. Dynamics Armament & Tech. Prods., Inc., 697 F. Supp. 2d 654, 658 (W.D. Va. 2010) (noting that "the Virginia Supreme Court's holdings . . . demonstrate that false accusations of a crime are 'insulting and [tend] to violence and

---

[3] I have no trouble rejecting Plaintiff's contention that Moser's statement was an opinion, not a statement of fact. Giving Moser's words their "usual construction . . . and their common acceptance in the community," Goulmamine, 138 F. Supp. 3d at 669 (citing Cook v. Patterson Drug Co., 39 S.E.2d 304 (1946)), Moser's statement relayed to the common listener that Plaintiff's actions *were criminal*. They did not relay, under a reasonable interpretation of his statement, that he merely *believed* her actions were criminal.

breach of the peace.'" (quoting Zayre, 147 S.E.2d at 713)). Moser's motion to dismiss will be denied.

    4. Moser's claim of qualified immunity

For the reasons Claughton is not entitled to qualified immunity, at this stage, Moser's is not shielded from liability by application of the doctrine of qualified immunity.

## IV. CONCLUSION

For the foregoing reasons, both Claughton's and Moser's Motions to Dismiss will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 5th day of March, 2019.

                                                          s/Jackson L. Kiser
                                                          SENIOR UNITED STATES DISTRICT JUDGE